**Scott M. SMITH, Petitioner–Appellant,**

v.

**Keith E. OLSON, Warden, Respondent–Appellee.**

No. 03–3239.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 3, 2004.*

Decided March 15, 2004.

Rehearing En Banc Denied May 7, 2004.

Scott M. Smith, United States Penitentiary, Terre Haute, IN, pro se.

Gerald A. Coraz, Office of the United States Attorney, Indianapolis, IN, for Respondent–Appellee.

Before RIPPLE, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Federal inmate Scott M. Smith petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that prison officials violated his Eighth Amendment and due process rights by assigning him to nonpunitive administrative segregation without a hearing. The district court concluded that Smith's petition did not satisfy the "in custody" element of § 2241 and denied it *sua sponte.* We affirm.

A prisoner seeking relief under § 2241 must first establish that he is "in custody" by virtue of the process or conduct he challenges, *see* 28 U.S.C. § 2241(c); actions by prison authorities that relate only to conditions of confinement and not to the fact or duration of that confinement do not affect custody, *see Alejo v. Heller,* 328 F.3d 930, 937 (7th Cir.2003); *Bunn v. Conley,* 309 F.3d 1002, 1007 (7th Cir.2002); *DeWalt v. Carter,* 224 F.3d 607, 617 (7th Cir.2000). Whether Smith is allowed to remain in the general population at his prison or instead is housed in administrative segregation is a decision that affects only his conditions of confinement. *See Bunn,* 309 F.3d at 1008; *Montgomery v. Anderson,* 262 F.3d 641, 643 (7th Cir.2001). As the district court correctly held, Mr. Smith does not have a due process liberty

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

interest in remaining free from administrative segregation because such segregation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Montgomery,* 262 F.3d at 644. Accordingly, the district court's denial of Mr. Smith's writ of habeas corpus is affirmed.

AFFIRMED